UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-75S |
| | : | |
| PATRICK H. PIERCE | : | |

**MEMORANDUM AND ORDER**

Defendant is charged by indictment with possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1) and (b)(1)(D)) and unlawful possession of firearms (a .40 caliber handgun and a .22 caliber rifle) by a previously convicted felon (18 U.S.C. § 922(g)(1)). On May 22, 2007, Defendant was arraigned on these charges, and a bail hearing was held pursuant to 18 U.S.C. § 3142. As Defendant has been held without bail on parallel state drug and firearm charges since March 21, 2007 and his next state bail review hearing is scheduled for June 19, 2007, the issue of bail from this Court was not a pressing one and was taken under advisement.

**Discussion**

This Court is guided on the issue of bail/pretrial detention by the Bail Reform Act of 1984 (the "Act"), as amended. 18 U.S.C. §§ 3141-3150. In most drug trafficking/firearm cases presented to this Court, the issue of bail is substantially impacted by the "rebuttable presumption" against bail triggered under the Act by certain charged offenses. 18 U.S.C. § 3142(e). If a defendant is charged with one of the triggering offenses enumerated in the Act, the Court must presume that "no condition or combination of conditions [of pretrial release] will reasonably assure the appearance of the person as required and the safety...of the community." Id. The presumption is subject to rebuttal by the defendant. Id.

The Government conceded that the "rebuttable presumption" is "not in effect" in this case. Defendant is not charged with a triggering offense for which a maximum term of imprisonment of ten (10) years or more is prescribed under the Controlled Substances Act. He is charged under 21 U.S.C. § 841(a)(1) and (B)(1)(D) which carries a maximum term of five (5) years' imprisonment. Although this case involves a firearm charge, Defendant is not charged with the triggering offense of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). Rather, Defendant is charged with being a felon in possession (18 U.S.C. § 922(g)(1)), and the Government did not argue that this firearm charge triggered the "rebuttable presumption."

The Government argues that Defendant should not be released on bail because he is a flight risk and a danger to the community. With no presumption in place, the Court must weigh the factors enumerated in Section 3142(g) in determining whether bail is appropriate in this case. First, the Government proffered that it seized two firearms (a handgun and a rifle) from Defendant's apartment and that Defendant made a post-Miranda admission of guilt as to possession of the firearms[1] and drug dealing. Although Defendant was not on probation on March 21, 2007, the date of the offenses charged in this case, his record includes a prior 2002 drug trafficking conviction for which he had just completed a four-year term of state probation last Summer.

Defendant is thirty years old and has lived in this District for most of his adult life. He is a high school graduate and completed two years of college. He has strong ties to the community which includes a supportive fiancé, who was present in Court at Defendant's arraignment. Defendant also has a three year old daughter from a prior relationship who lives in this District and

---

[1] The Government proffered that the handgun possessed by Defendant had been stolen and that Defendant reported that he received it from a friend. Since Defendant is a convicted felon, he cannot lawfully purchase and possess firearms. Despite this legal impediment, Defendant apparently has the contacts and ability to secure firearms.

with whom Defendant reportedly maintains contact. Defendant's most recent employment was described as "under the table" and was not verified. Defendant also reported daily marijuana use, commencing at age sixteen and continuing up until the date of his arrest.

At the hearing, the Government indicated that the sentencing guideline range for the charged offenses is thirty-three to forty-one months. Defendant's counsel countered that the range was thirty to thirty-seven months, and a lower sentence could be imposed in the Court's discretion. Given this range of potential sentence, the Court's sentencing discretion and Defendant's strong community ties, Defendant's counsel convincingly argues that it would be foolish for Defendant to flee in this case. Defendant's counsel did not, however, offer a convincing argument that Defendant does not pose a danger to the community. Based on the record before me (the Indictment, Defendant's criminal history, the Government's proffer that Defendant admitted his guilt to drug dealing and firearm possession, and Defendant's report of daily marijuana use), this Court finds by clear and convincing evidence that Defendant presents a danger to the community and that no condition or combination of conditions of release would eliminate that danger. Defendant's prior felony drug dealing conviction, four-year suspended sentence and period of probation and substance abuse treatment apparently did not have the intended deterrent impact on his behavior. In fact, it appears from the Indictment and the Government's proffer that Defendant escalated his misconduct to include possession of two firearms.

**Conclusion**

Under Section 3142(g), the Court must consider, inter alia, the "nature" of the offense charged, the weight of the evidence against Defendant, history relating to drug abuse, criminal

history and record concerning appearances at court proceedings.[2] Taking into account the available information for Defendant concerning these factors, this Court concludes that there are no conditions or combination of conditions of release that would reasonably assure the safety of the community and thus bail is DENIED. Since the Court has decided this issue on dangerousness grounds, there is no need to make a specific finding as to risk of flight.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 24, 2007

[2] Defendant's criminal history indicates that he failed to appear in 2000 for an "Ability to Pay Costs" Hearing on a driving without valid license charge, and a warrant was issued. The warrant was apparently cancelled in 2001 after Defendant was arrested on a second driving without valid license charge. Although this dates back several years, it is an additional, albeit minor, factor warranting against bail in this case.