UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR 007-75S

PATRICK H. PIERCE :

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF APPEAL FROM MEMORANDUM AND ORDER OF MAGISTRATE JUDGE LINCOLN D. ALMOND DENYING BAIL

The defendant has filed a notice of appeal from the decision of the Magistrate Judge denying his request for bail. A copy of the Memorandum and Order of the Magistrate Judge is attached hereto. A transcript of the bail hearing is attached. Also attached is a letter of support introduced as an exhibit at that hearing. Many of the facts set forth in this memorandum are taken from the written Memorandum and Order.

As the Memorandum and Order states:

> Defendant is charged by indictment with possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1) and (b)(1)(D)) and unlawful possession of firearms (a .40 caliber handgun and a .22 caliber rifle) by a previously convicted felon (18 U.S.C. § 922(g)(1)). On May 22, 2007, Defendant was arraigned on these charges, and a bail hearing was held pursuant to 18 U.S.C. § 3142. As Defendant has been held without bail on parallel state drug and firearm charges since March 21, 2007 and his next state bail review hearing is scheduled for June 19, 2007, ….

Memorandum and Order at p. 1.

As the Memorandum and Order notes, the Government conceded that this is not a case in which there is a rebuttable presumption against bail pursuant to 18 U.S.C. §3142(e). There is no controlled substance charge which carries 10 years or more and the

defendant is not charged with possession of a firearm in furtherance of a drug trafficking crime.

The Government indicated at the sentencing hearing that the guideline range for the charged offenses was thirty-three to forty-one months. Memorandum and Order at 3. There was a question about the defendant's criminal history score possibly making the range thirty to thirty-seven months. The defense noted that this was a case in which the Court would have considerable discretion. There are no statutory mandatory minimum sentences. The Court noted the defendant's strong ties to the community, including a fiancé who was present in Court at the hearing. Based on the above, the Court found the defendant was not a flight risk. Memorandum and Order at 3.

The Court predicated its decision to deny bail on the ground that the defendant posed a danger to the community, based on the following factors:

1) The Indictment;

2) Defendant's criminal history;

3) The Government's proffer that the defendant admitted to drug dealing and firearm possession;

4) The Defendant's admission of daily marijuana use.

The defense submits that the factors set forth above do not warrant holding the defendant without bail. First, his marijuana use can easily be checked while out on bail. Second, the defendant's criminal history consists primarily of one prior marijuana charge, for which the defendant received a four year suspended sentence and four years probation. There were also apparently two driving charges related to driving without a license. There is a strong argument that the driving offenses will not count toward a

criminal history calculation under the guidelines, since neither appeared to have resulted in a term of probation for one year or imprisonment for 30 days. U.S.S.G. § 4A1.2(c).

The remaining two factors are the Indictment and the proffered admissions of the defendant. Even accepting those proffered admissions, the defense submits that what emerges in the worst case scenario for the defendant is a small time marijuana dealer, who was in possession in his apartment of two weapons. The discovery shows the total amount of marijuana seized to be about 400.3 grams.

This defendant has shown his ability to comply with the terms of judicial supervision. He was on probation for four years and was not violated on that probation. The defense submits that he is a prime candidate for successful compliance with any conditions of bail.

If the defendant in this case is sentenced by this Court, the Court will have considerable discretion. This defendant will have every incentive to positively impress this Court with his conduct while out on bail. This is not a person with a lengthy record of law breaking. This is a positive young individual with strong ties to the community. The defense submits that his release will not endanger the safety of any other person or the community. See 18 U.S.C. §3142.

Finally, the defense brings to the Court's attention the case of United States v. Lemoine, 450 F. Supp. 99 (D. Me. 2006). Like this case, the defendant in that case was held based essentially on charges that he possessed firearms. The case summarizes how recent changes in 18 U.S.C. §3142 now permit pretrial detention for persons charged with possession of a firearm. Id. at 100, n. 3. The facts in that case, when juxtaposed with the facts in this case, however, illuminate the strength of the defendant's request for release in

this case. In that case, there was testimony of "…extensive and recent criminal history, including acts of retaliation." Id. at 101. There was also evidence of the possession what was described as "an array of firearms," four of which were purchased after the defendant had been recently charged in state proceedings. Id. In this case, there is no evidence of the defendant threatening anyone. There is no "array of firearms." There is no evidence of anyone in the community being afraid of Mr. Pierce.

For all of the reasons set forth above, the defendant asks that this Court order his release on bail.

Patrick H. Pierce
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 4th day of June, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net