**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**Docket No. 07-CR-00075-S-LDA**

**UNITED STATES OF AMERICA** .
.
.
**v.** .
.
.
**PATRICK H. PIERCE** .
.
. . . . . . . . . . . . . . . .

TRANSCRIPT OF ARRAIGNMENT/BAIL HEARING
BEFORE THE HONORABLE LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE
HELD ON MAY 22, 2007

APPEARANCES:

For the government: Sandra Beckner, Esquire
United States Attorney's office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000

For the defendant: Robert B. Mann, Esquire
Mann & Mitchell
1 Turks Head Building
Suite 610
Providence, RI 02903
401-351-5770

Court Reporter:

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**I N D E X**


| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| None | | | | |

| EXHIBITS | DESCRIPTION | IN EVIDENCE |
|---|---|---|
| **Defendant's:** | | |
| A | Letter | 12 |


**P R O C E E D I N G S**

THE COURT: Good morning.

COUNSEL: Good morning, Your Honor.

THE COURT: Here in the matter of the United States v. Patrick Pierce, Case No. CR07-75S. Here today for an initial appearance and arraignment. Can counsel who are present this morning identify themselves for the record, please?

MS. BECKNER: Sandra Beckner for the United States.

MR. MANN: Robert Mann for Mr. Pierce, Your Honor.

THE COURT: All right. Mr. Pierce, if you could stand up with your lawyer, please. I want to go over some rights that you have since this is your first appearance in this Court.

First off, sir, you do have a right to remain silent. You're not required to make any statements regarding the charges brought against you.

Do you understand you have the right to remain silent?

THE DEFENDANT: Yes.

THE COURT: Also, I want you to be advised if you do make any statements despite the fact that you have the right to remain silent, those statements may be used against you in future proceedings.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. You do have a right to counsel in this matter. You have been charged with felonies. I have reviewed a financial affidavit which you

signed. Based on that I find you're eligible for court-appointed counsel, thus the Court is appointing Attorney Robert Mann to represent you. He has entered his appearance in this case and will represent you in this case.

Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Mann, have you received a copy of the indictment filed in this case?

MR. MANN: Yes, I have.

THE COURT: Have you gone over it with your client?

MR. MANN: Yes, I have.

THE COURT: And are you comfortable that he understands what he's been charged with?

MR. MANN: Yes, I am.

THE COURT: I'm going to read the two counts in the indictment, Mr. Pierce, to make sure you understand what you've been charged with before I ask your attorney what plea you enter as to these charges.

Count 1 charges that on or about March 21st, 2007, in the District of Rhode Island, the defendant, Patrick H. Pierce, having previously been, having been previously

convicted of a crime punishable by a term exceeding one year, that is a felony, did knowingly and intentionally possess in effect in commerce firearms, to wit, a Smith and Wesson Model 410S, 40 caliber handgun, serial number VJJ8251, and a Mossberg Model 350K, 22 caliber rifle, in violation of 18 United States Code, Section 922(g)(1).

Count 2 charges that on or about March 21st, 2007, the same date, in the District of Rhode Island, the defendant, Patrick H. Pierce, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule 1 controlled substance, in violation of 21 United States Code, Sections 841(a)(1) and (b)(1)(D).

So in Count 1, sir, you've been charged with illegally possessing firearms after having previously been convicted of a felony. And in Count 2 you're charged with possessing with intent to distribute marijuana.

Do you understand, sir, what you've been charged with?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Mann, what plea does your client enter as to the counts or the charges contained in Count 1 and 2 of this indictment?

MR. MANN: Not guilty pleas.

THE COURT: All right. I'll enter pleas of not guilty as to Count 1 and Count 2. There is also in this indictment, Mr. Pierce, a forfeiture allegation asserting that should you be convicted of the offense alleged in Count 1, that's the charge of being a felon unlawfully in possession of a firearm, that you shall forfeit to the United States the firearms identified in Count 1 of the indictment.

Do you understand that allegation, sir?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Mann, how does your client respond to that forfeiture allegation?

MR. MANN: He denies it.

THE COURT: All right. I'll accept and enter a denial as to that forfeiture allegation.

You can be seated, sir.

We're also going to issue today, Mr. Pierce, an arraignment and pretrial discovery order in your case. That order will set dates for future proceedings in this case. Your case has been assigned for trial to District Judge William Smith. The case will be considered ready for trial on or after July 16, 2007 subject to Judge Smith's

trial calendar schedule. There will be a pretrial conference held before Judge Smith on July 5th, 2007 at 10:00 a.m. in his chambers. You will not be present at that pretrial conference but Mr. Mann will attend and represent your interest at that pretrial conference.

Mr. Mann, after receiving discovery from the government would you like a period of time to prepare and file pretrial motions in this case?

MR. MANN: Yes.

THE COURT: I'll grant that request, Mr. Mann, and I will also order that the period of time from June 13, 2007 up to and including July 3, 2007, a period of 20 days, be deemed excludable under the Speedy Trial Act for the purpose of preparing and filing such pretrial motions. All pretrial motions shall be filed on or before close of business July 3, 2007. Any responses or oppositions by July 13, 2007.

From the report that I received from pretrial services, I've been advised that this defendant has been held without bail on parallel state charges at the ACI since March of this year, but he has a bail review hearing scheduled for June 19th. Is that correct, Mr. Mann, or do you have any information--

MR. MANN: I don't know that date but I'll accept the Court's statement of June 19th.

THE COURT: Does that sound correct to you, sir?

THE CLERK: I have that date on my docket report too.

THE COURT: Mr. Pierce, does that sound correct to you, sir?

THE DEFENDANT: Yes.

THE COURT: All right. So you are held without bail in the state system but you have a bail hearing coming up in June?

THE DEFENDANT: Yes.

THE COURT: All right. Based on that, do you intend to argue today for bail in this Court, Mr. Mann, or do you wish to reserve and see what happens in the state charges?

MR. MANN: I think it makes sense to argue, Judge, and the reason I say that is that I anticipate that the state will now dismiss the state charges based on these charges. I know that's not a guarantee but the charges are very similar from what I can see, and certainly if the Court set bail here, Mr. Pierce understands he would not be released, that he will still be held on the state charges,

but that I will then go to the public defender in state court and ask them to move for a more expedited hearing in the state court, and I'm sure he'll get one, and ask the state to set bail.

THE COURT: All right. Then let's do this then, let me hear from Ms. Beckner as to the government's position and then I'll allow you to respond with your argument for bail,

Mr. Mann.

MR. MANN: Thank you, Your Honor.

MS. BECKNER: Your Honor, I believe that Mr. Mann is correct that the state charges are the same charges that are here in federal court. So I agree with Mr. Mann it makes sense to take this up at this time. The government--

THE COURT: Are the state charges going to be dismissed because this case is being prosecuted in this Court?

MR. BECKNER: I don't actually know and can't speak for the state prosecutor, but I do know that that is typically what is done or at least I understand that to be that, but I just hesitate to speak for the state on that issue.

THE COURT: All right.

MS. BECKNER: Your Honor, the government moves for detention arguing that the defendant is a flight risk and a danger to the community, and in reliance and support of the government's position the government points to the fact that the defendant has a prior drug trafficking conviction and in this case the evidence is overwhelming against him. While it is not a large quantity of drugs that are involved, it's marijuana and I think it's somewhere over 400 grams of marijuana, which is not very much marijuana for a federal case. This is a federal case because of the guns involved. The evidence is overwhelming because the defendant has admitted to his guilt in this case as well as all of the evidence being seized from his apartment. The government would point to the fact that it wasn't just the rifle that was seized from his bedroom, there was a handgun, a handgun that according to the trace report had been reported stolen that was seized from his apartment. Now while the defendant did not admit to stealing the handgun, he admitted to receiving it from some friend of his. He also admitted that he dealt drugs, primarily marijuana, but he said that he would obtain crack for customers if he had a customer that wanted crack and he admitted to having one crack cocaine supplier. The

defendant made this statement to Task Force Agent Joseph Coliswano (ph), he's on the DEA task force, after having his rights read to him. So the government believes that the evidence--

THE COURT: These were verbal admissions? There's no written statement?

MS. BECKNER: That's correct, Your Honor. These were done at the scene of the search warrant. The government believes that the evidence in this case of drug trafficking as well as possession of firearms is overwhelming and that the two of them together while the presumption is not in effect it nonetheless is a situation that the Court I think can appreciate the danger of, and with his history of drug trafficking, that should cause even greater concern for the Court.

Now, also I understand the defendant while he may have a fiancée or a girlfriend in the community, it does not appear that he has significant ties to this community or has had a stable residence here or stable – I'm looking at his employment section now either. It doesn't appear that that--

THE COURT: The report I have has indicated that he basically lived in Rhode Island since he was 19, and if

my math is correct, he's 30 now, so that's 11 years in the community.

MS. BECKNER: I'm sorry, Your Honor, I was looking for his family ties and what I notice is that his mother is in California and it looked like he had a stepfather maybe in DC, and I was just going through it trying to see what ties he had, and my understanding was is his tie primarily was a fiancée and the Court has the report, so I would just ask the Court to consider that section of the report as well.

It doesn't appear either that he's had very stable employment. So, Your Honor, the government for all of those reasons would ask that the defendant be detained in this case.

THE COURT: Mr. Mann?

MR. MANN: First, Your Honor, I have a letter which I have given to the government and I'd ask the Court that the written report be marked.

THE COURT: I'll accept it and mark it as Defendant's Exhibit 1 for the purposes of this bail hearing. Does the government have any objection?

MS. BECKNER: No, Your Honor.

THE CLERK: A.

THE COURT: A, that's fine. It's entered as what's been marked as Defendant's Exhibit A, letter to me from Ralph Johnson of the University Mailroom. If you give me a moment, Mr. Mann, I'll read through it.

(Defendant's Exhibit A, marked and admitted)

(Pause)

THE COURT: All right. Mr. Mann, I've read the letter.

MR. MANN: The second point I'd make, Judge, is that his fiancée, that Mr. Pierce's fiancée, Ms. McCray (ph), is in the courtroom and if the Court has any questions, she's available to answer any questions. She's 27 years old. She has two jobs working at Butler Hospital and at Refocus, which is an organization that deals with middle aged mentally challenged adults if I understand correctly, and she lives in Central Falls. If Mr. Pierce is released he would live with her. She has no criminal record. She is devoted to him. She is sort of the best of what we have in our society.

THE COURT: At the time he was arrested on this offense Mr. Pierce was not living with her?

MR. MANN: No, I don't believe he was, Judge, but they were very close, Judge.

THE COURT: Okay.

MR. MANN: She has agreed to accept and she understands fully that if he is allowed to live with her, that there would likely be all kinds of conditions, no drugs, no alcohol, monitored, checking on him. She accepts those limitations on her privacy as a concomitant of him living with her. She is fully aware both of the nature of these charges, and I think one other fact that is critical to your understanding, Mr. Pierce's ties to this community, while it is true that his mother is not in this community and he has, she has a somewhat sort of checkered past perhaps in her own way, he has his daughter in this community and--

THE COURT: You don't need to go further than that. In terms of however I decide this particular matter, I look at this and this individual who has been here 11 years, he's got a fiancée who's sitting here in court today and he's got a child, and the mother reported to pretrial services that he's involved in her life, so I find that he has ties to the community. So that's, that's not the issue. To be candid with you the issue that I have, Mr. Mann, and I'll give you an opportunity to address it, the issue I have is the defendant has a prior fairly recent six

or seven year ago drug trafficking conviction in the state court. He was, he had served his period of probation on that, so he wasn't on probation but it is a fairly recent felony conviction and he should have known he wasn't permitted based on that conviction to possess handguns. And I have a charge and a proffer by the government that the defendant was found in possession of a rifle and a handgun, a handgun that was reported stolen, and the Grand Jury has seen fit to indict him of being a felon in possession, which for this, purposes of this proceeding creates probable cause that he did in fact commit that offense. So I think that's my bigger concern. It's not the issue of whether or not he has ties to the community. I look at his employment history and for somebody who is 30 maybe there's more to it, it seems what was reported does not seem particularly stable. I could be wrong and maybe it's just the way it's described.

MR. MANN: I think, I was up with Mr. Johnson, we spoke last night and this morning, and Mr. Johnson is a real source of support too. I mean, we had a discussion about whether he could hire Mr. Pierce full time. It's a small business. It's a storefront on Governor Street. He just doesn't make enough money in that process right now to

put Mr. Pierce on full time, but he'll give him as much work as he can give him. So he's got some real confidence, and Mr. Johnson, is, as he says in his letter, educated. He's moved in to try and become a small businessman. He clearly still has the education to counsel him.

Let me try and address the criminal past issue. I only have one copy, I'll be happy to give it to the Court, perhaps I could show it to the government first, but I think is clear, it's my impression that from the time that he was placed on probation in 2002 until he got off probation, there's not even a motion to violate his probation which indicates that he had four years at least of solid good behavior, Judge. That's, I know that's what's expected and that's what's demanded, but as a practical matter, we also all know that that is the norm sad to say. The fact of the matter is that it looks he had this transgression in 2002 for which a judge did not incarcerate him, and then he appears not to have been in trouble.

Now, the reference to what he is doing now, this is not the time or not the scene – (inaudible) – I can't see anything that's in the police report, but what the

police reports represent that he did, that he had stated that he had stopped selling crack but that he could get crack if one of his customers needed it. So--

THE COURT: Let me stop you there also. This is not a crack cocaine indictment. So I'm not viewing this as a crack cocaine case. The case before me is whether or not this defendant presents a good candidate for bail in a case where he's charged with being a felon in possession of a rifle and a handgun, and he's charged with possession with intent to distribute a controlled 1 substance, marijuana. So that's what we're faced with.

MR. MANN: And we've all agreed that it's not a huge amount of marijuana. The government said about 400 grams, less than a pound. We've got two guns. One is a rifle. There's nothing extraordinary about either of those guns. Neither of the weapons fit within any of the categories that would trigger enhancement under the guidelines because their special characteristics are, neither one of them are automatic weapons as I understand that, Judge.

It is also sort of terribly unfortunate that guns are sort of a, almost a common place tool that is available in a community, but there's no suggestion he was using the

guns for anything, Judge. You basically have somebody with one prior conviction, Judge. I think there may have been a traffic cite, violation, but basically one prior conviction for drugs. You have not even a suggestion that he was using the guns. You've got a handgun and a rifle, Judge. What I would urge the Court is that if you let him live with his fiancée, put conditions on what he can do, obviously one of the conditions would be urine, regular urine testing, that gives him a chance at least to create, to do something in the next several months. Nobody knows what, nobody knows if he'll be found guilty but even if he is found guilty, even if I accept the government's argument that the evidence was strong in this case, Judge, this is a case where there are no mandatory minimums, the sentencing court will have enormous discretion in terms of what sentence to impose, Judge. Mr. Pierce has every incentive in the world to create the most positive impression he can for the judge who is ultimately going to sentence him if he is convicted, Judge. This is a case where there will not only be guidelines arguments, but almost guarantee 3355(a) arguments about the appropriateness of the sentence if there is a conviction.

When I spoke with his friend, Mr. Johnson, what I

got was a real sense that this is a person with hope, with ability, that contacts with his daughter are important not just for his confidence, I'm not going to reargue that, but they show what type of person that he is. This is a good person, decent individual, who is not out there sort of committing crimes on a day-by-day basis. You could be positive you would have seen him violated on his probation at some point during that four years if he were that kind of individual. What you have, Judge, I can't think of many people, it's sad to say that get through four years of probation without being violated on a drug charge in Providence. It just doesn't happen that much, and it's sad that he got caught up with this, with this if he did get caught up with it, Judge, but there is still the presumption of innocence and we'll have to see where this case goes. There are lots of sentencing issues. He's a prime candidate for bail. Even if you do set bail, I recognize that he's not going to walk out that door because it will take a little time in state court, and ultimately state court is going to have to agree that he's going to get out and Mr. Pierce understands that there's a risk of how time will be counted if you set bail and then state court doesn't but that's the risk he understood coming in

here. I think for all those reasons are in favor of release. I would say Ms. McCray is available if the Court has any questions, Your Honor.

THE COURT: The difficulty, you make a compelling argument, Mr. Mann, and then on the other side of that argument is should you argue me somebody who has gotten through without any reported transgressions, gotten through a four year suspended sentence for drug dealing coming out of the state court and there's no contacts with the criminal justice system before me until March 2007 when he was arrested on this, but the troubling fact that I have in trying to make a decision as to whether this candidate presents a risk of danger to the community or risk of flight, I think in terms of flight risk you make a strong argument, the danger to the community is, you know, he is a convicted felon. I'm assuming he knew he wasn't supposed to possess a firearm and he possessed not one but two firearms. He's not charged in this court with possession of a firearm in furtherance of a drug trafficking crime. I'm assuming that's a good thing for him, that he wasn't indicted of that, because I'm guessing that would have negatively impacted his potential sentence if convicted. He was charged with possession of a firearm with a

controlled substance offense as one of the counts and that counts in state count. I'm not sure exactly what statute that's in violation of, but the possession of a firearm are the issues that are giving me the biggest pause and, in fact, if there were no firearms this case wouldn't be here, and the defendant would probably be out on bail already.

MR. MANN: Possession of firearms by themselves are not a violent crime, Judge. We know that. I mean, there's case law.

THE COURT: The case law says there's a presumption under the Bail Reform Act they're not treated as a violent crime within the definition because the mere act of possession is not committing an act of violence. So that's why they're not called a violent crime for purposes of the Bail Reform Act, but in terms of me making a decision as to whether or not the defendant presents a danger to the community, he possessed weapons. He must have possessed them some reason. You haven't shown me he's a member of a hunting club and an avid hunter. The charge here is he was possessing marijuana.

MR. MANN: And my response to that, and I know Ms. Beckner wants to say something--

THE COURT: I'll give her a chance.

MS. BECKNER: Yeah.

MR. MANN: --is that no weapons charge is minor, but if there's, but this gets to be about as divine a weapons charge as one could have, Judge, and I even point out to you that when you, when you look at the guidelines, I know we're jumping way ahead but they don't do--

THE COURT: No, let's talk about that, and I'll let Ms. Beckner respond, what is the guideline range if assuming this defendant is presumed innocent, assuming he's convicted after trial or pled guilty to these offenses, what's he looking at in your opinion?

MS. BECKNER: Your Honor, if I may answer, I calculated that already. I suggest with a with a plea that his guideline range is 33 to 41 months. I had a base offense level of 19 and a criminal history of 2, and I'll, I mean I'll just through the course of time make sure I was right on that, but I just wanted to, I didn't mean to be rude to Mr. Mann. I just wanted to add one fact that the Court seemed to be asking about and that is that the defendant did admit that he knew he was a felon and that he wasn't supposed to have the firearms. So I apologize to Mr. Mann for standing up.

THE COURT: Mr. Mann, do you want to address that

guideline argument and explain to me why you think he might be looking at less than 33 to 41 months if convicted, and if you want to address that last point that Ms. Beckner made?

MR. MANN: I was informed that he had one criminal history point. Now, I'm not sure why he did. I'm not sure

Ms. Beckner sees it differently. He got four suspended, four probation on the drug case and that's at least the only case that I'm counting right now, and so--

THE COURT: How are you getting a criminal history 2 in this case, Mr. Beckner?

MS. BECKNER: Your Honor, I would – I don't remember how I arrived at it, but just looking at his criminal history now, I would think he would get points for the driving offenses as well, which I think to be a criminal history category 2 you need to have 2 to 3 points. I don't have a copy of the guidelines in front of me. Two or three points makes you a criminal history category 2, so I guess the question on the criminal history category is going to depend on whether or not the driving offenses give him one point because the drug conviction would give him one point, and--

THE COURT: How, if he was a criminal history level 1, how would that impact the range of potential sentence?

MS. BECKNER: I arrived at a base offense level of 19, which would be 30 to 37 months, and the way I got to that I believe is because he’s a felon in possession and because a drug trafficking was involved, that’s a level 20, but then because the firearm was stolen and under the guidelines it’s not necessary to prove the defendant knew it was stolen, just the fact that it was stolen, gets you an extra two points, which would put him at a 22. If he were to plea, he would be a 19 and then whatever criminal history, either 1 or 2 is how I arrived at that.

THE COURT: All right. But either way, in terms of the kinds of sentencing that we see in this Court, Ms. Beckner, for a case involving guns and drugs, he’s on the fairly low end of potential.

MS. BECKNER: I do agree with that, Your Honor.

THE COURT: All right.

MR. MANN: The one other point I was trying to make about gun cases is this, to the extent that the guidelines, one of the things the guidelines is trying to do is measure how serious an offense is. The enhanced

sentence is when you have a certain number of weapons but they even start at 3 to 7 so that he doesn't even reach the first level of enhancement on numbers of weapons. So I don't want to say no gun case is serious, every gun case is serious, but as gun cases go, Judge, this is, I would submit, a relatively low level gun case and it cannot be that the norm for somebody who's either criminal history category 1 or at worst criminal history category 2 based on driving offenses, and you can be sure we'll have a battle over that, is held without bail when we agree it's not an issue of contact with the community. In effect the government seems to be arguing you've got a gun case held without bail even for a criminal history 1 or 2 category person at a low level gun offense, and I submit that the Bail Statute wasn't intended to be read that way, that you still have presumptive reasons, you don't have any of the controlling presumptions in play in this case. You have a guidelines level that's relatively well, and I do want to harken back to what I think is an argument, Judge, that imposes a really heavy stick and care on Mr. Pierce. If you let him out on bail, he's going to be monitored by probation. If he slips up and he pleads, the sentencing judge is going to know it and that's going to hurt him for

sentencing. He's going to be well aware of that and that is a really powerful incentive for a person in this situation to do as well as he can, Judge, and he will have a support group to do it. His fiancée, the mother of his daughter and his friend, at least, Judge.

THE COURT: All right. What I'm going to do is I'm going to take the matter under advisement. This doesn't present the usual case that I have. Given that the defendant is held without bail at the ACI, I don't see any need to make an immediate decision. I'd like to go back and ponder this and look through the information that I have on file and I'll issue a written decision outlining my reasons as I'm required to under the Bail Reform Act if I determine that this defendant should be incarcerated pending trial. If I find the defendant should be released on bail, I can outline the specific conditions of such bail, but I would of course if the defendant, if I made a decision to release the defendant on bail, I would have another hearing and bring him in personally of those conditions so that there will be absolutely no question at all, and I'm also required to advise him of the consequences of violating any of those conditions. But given the fact that this defendant is held without bail and

there's not a bail review hearing scheduled, at least based on the information before me, until mid June or June 19th to be exact, I'm going to take the matter under advisement for a few days so I can make an informed decision on it.

Anything further today from the government?

MS. BECKNER: No, Your Honor.

MR. MANN: No, Your Honor.

THE COURT: Further from the defense?

MR. MANN: No.

THE COURT: I order that the defendant remain detained and return today to the ACI. I'll take the matter of bail under advisement. The Court will stand in recess.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

CERTIFICATION

I, Maryann V. Young, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

__________________________ June 1, 2007

Maryann V. Young__________