UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR 007-75S

PATRICK H. PIERCE :

DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Now comes the defendant, Patrick Pierce, and responds to the presentence investigation as follows.

I. PARAGRAPH 17 SPECIFIC OFFENSE CHARACTERISTIC §2K2.1(b)(6)

In this paragraph the PSR recommends the addition of 4 points on the ground that the firearms were used to protect drugs.

The defense objects to the addition of these 4 points. The relevant guideline provides as follows:

> (6) If the defendant used or possessed any firearm or ammunition in connection with another felony offense;….

U.S.S.G. §2K2.1(b)(6).

The burden is on the Government to prove that the firearms were used as alleged in Paragraph 17 of the PSR in connection with the drug crime in this case. The Court of Appeals for the First Circuit has said:

> We therefore believe that the phrase "in connection with" should be interpreted broadly and that where a defendant's possession of a firearm aids or facilitates the commission of another offense, the requisite link is present.

United States v. Thompson, 32 F.3d 1, 7 (lst Cir. 1994).

Summarizing the law in this Circuit, the District Court in Maine recently said:

> The First Circuit construes the phrase "in connection with" broadly, United States v. Peterson, 233 F.3d 101, 111 (1st Cir. 2000) (citing United States v. Thompson, 32 F.3d 1, 7 (1st Cir. 1994)), and requires only "causal or logical sequence between possession and the related offense." United States v. Ellis, 168 F.3d 558, 563 (1st Cir. 1999); see also United States v. Olivera, 145 Fed. Appx. 686, 687 (1st Cir. 2005) (per curiam). While mere coincidental possession does not establish the requisite connection, it is sufficient "if the possession has 'the potential to aid or facilitate' the other crime." Ellis, 168 F.3d at 563 (quoting Thompson, 32 F.3d at 6).

United States v. Emerson, 432 F. Supp. 2d 128, 139-140 (D. Me. 2006).

The Ninth Circuit has given a different definition of the terms associated with U.S.S.G. §2K2.1(b)(6). Only a few months ago, the Court reaffirmed the prior rulings of the Court on this issue stating:

> We have previously defined the terms "use," "possession," and the phrase "in connection with." In United States v. Polanco, 93 F.3d 555 (9th Cir. 1996), we applied the United States Supreme Court's definition of "use" in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), n4 and held that "use" in § 2K2.1(b)(5) "'requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense.'" n5 Polanco, 93 F.3d at 565 (quoting Bailey, 516 U.S. at 143). We stressed that "'the inert presence of a firearm, without more, is not enough to trigger'" the "use" clause of § 2K2.1(b)(5). Id. (quoting Bailey, 516 U.S. at 143).
>
> In United States v. Routon, 25 F.3d 815 (9th Cir. 1994), HN6we defined the term "possession," in § 2K2.1(b)(5), stating that "the prosecution will have to make a greater showing than a defendant's mere possession of a firearm." Id. at 819. We held that possession requires "that the firearm was possessed [**8] in a manner that permits an inference that it facilitated or potentially facilitated--i.e., had some potential emboldening role in--a defendant's felonious conduct" to obtain a sentence enhancement under § 2K2.1(b)(5). Id. And in Polanco, we held that the phrase "in connection with" in § 2K2.1(b)(5) "requires proof of a 'connection' between the use or possession of the firearm and the underlying offense." Polanco, 93

F.3d at 565-66. [Footnotes omitted]

United States v. Valenzuela, 495 F.3d 1127, 1131 (9th Cir. 2007).

The defense respectfully submits that to the extent that United States v. Valenzuela and the cases cited therein conflict with the case law from the Court of Appeals for the First Circuit, the Valenzuela opinion should ultimately prevail, resting as it does on the authority of Bailey v. United States, 516 U.S. 137 (1995). The defense notes that United States v. Thompson, which seems to be the foundation for much of the First Circuit law on this subject was decided prior to Bailey v. United States.

In this case, the allegation is that the defendant "used the firearms to protect the drugs." Paragraph 17 of the PSR. In United States v. Valenzuela, the Ninth Circuit, in a footnote, again citing from Bailey, gave examples of what would and would not satisfy the term "use." The Court said:

> n5 In Bailey, the Supreme Court provided a non-exhaustive list of examples that satisfy the "active employment" test for "use": "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire, a firearm." Id. at 148. Conversely, the Supreme Court detailed that "storage" or "mere possession of a firearm … at or near" a crime site does not constitute use, nor would a defendant's concealment of a firearm nearby so it could be used in case there was a confrontation. Id. at 149.

United States v. Valenzuela, 495 F.3d at 1131, n. 5.

Whatever test is employed, there is no talismanic formula which defines when the evidence satisfies the "use" requirement, but there are a number of factors that militate against finding that the Government can meet the appropriate standard. First, there is absolutely no evidence that either weapon was ever used or even displayed in connection with the sales of marijuana. Indeed, the discovery shows a controlled buy and that the

confidential informant reported the existence of the defendant's dog, but there is no mention of any weapons. Second, according to the police reports, while one weapon was found in the same room as the marijuana, the weapon, a rifle, was found in a rifle case in a closet. It was the quintessentially inert weapon. A rifle in a case in a closet is not something which even has the potential to aid the crime of possession of marijuana with intent to deliver. The pistol was found in a different room, a bedroom, in a drawer of a bureau. Third, the Report of Investigation in this case does not indicate the seizure of any cash, belying any suggestion that the weapons were in some fashion connected with the security of drug proceeds.

This is a marijuana case and there is nothing to support this proposed enhancement except the coincidental presence of the weapons and the 367 grams of marijuana in the same apartment.

## II. PARAGRAPH 24 –SPECIFIC OFFENSE CHARACTERISTIC §2D1.1(B)(1)

The objections to the use of this characteristic are factually the same as those set forth in the preceding section. As Application Note 4 states, the enhancement should apply if the weapon was present, "…unless it was clearly improbable that the weapon was connected with the offense."

## III. THE GOVERNMENT SHOULD BE REQUIRED TO PROVE THE THE DISPUTED FACTS BY PROOF BEYOND A REASONABLE DOUBT

In this section, the defense briefly makes the argument that the government should be required to prove the allegations which are the basis of the enhancements by proof beyond a reasonable doubt pursuant to the Fifth Amendment right to due process of law and as a matter of statutory interpretation of the Federal Sentencing statutes. In United States v. Grier, 475 F.3d 556 (3rd Cir. En Banc, 2006), cert. denied, 2007 U.S. LEXIS 9540 (2007), the Third Circuit rejected this argument, but the dissenting opinion of Judge Sloviter essentially espoused the view that due process requires the government to prove aggravating facts by proof beyond a reasonable doubt. At this juncture, the defense identifies this issue, realizing it is a legal question. The defense incorporates the arguments advanced in Judge Sloviter's opinion. This is not an argument that the defendant is entitled to a jury trial on these facts, but rather that the Government must prove these facts beyond a reasonable doubt to the Court.

IV. DOUBLE COUNTING

Though not technically double-counting, there is something anomalous in the fact that there is an enhancement of the weapons charge based on the drugs and an enhancement of the drug charge based on the weapons. The defense submits that the appearance is that both the weapons and drugs are being counted twice, even though the grouping rules result in the above having no effect on the final score.

V. PARAGRAPH 40

The name of the defendant is Patrick Hayes Pierce.

Trenton King is a male, not a female.

## VI. OTHER ISSUES

The defendant intends to file a motion seeking a sentence below the guideline range based on the factors set forth in 18 U.S.C. §3553.

Patrick H. Pierce
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

## CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 30th day of October, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net