IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR-07-075S
:
PATRICK H. PIERCE :

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

The defendant has objected to several paragraphs of the Pre-Sentence Report (PSR). For the reasons set forth below, the Court should deny the defendant's objections.

I. ADJUSTMENTS TO THE BASE OFFENSE LEVEL PURSUANT TO U.S.S.G. § 2K2.1(b)(6)

Section 2K2.1(b)(6)[1] provides for a four level upward adjustment to the offense level when a defendant possesses a firearm or ammunition "in connection with another felony offense." The application notes to that section state that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing material, or drug paraphernalia," the application of subsection (b)(6) is "warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ."

The defendant in this case possessed a rifle in the same room as marihuana packaged for distribution, packaging material, a scale, and a scanner. In another room, the officers found a

[1] Prior to 2006, this adjustment was contained within § 2K2.1(b)(5). See United States v. LePage, 477 F.3d 485, 489 & n.1 (7th Cir. 2007).

loaded pistol, ammunition, and a scale. Given the close proximity of the defendant's firearms to other paraphernalia used in his drug business and the well-established connection between firearms and narcotics trafficking, see, e.g., United States v. Ford, 22 F.3d 374, 383 (1st Cir. 1994) (scales, firearms and large sums of cash are probative of an intent to distribute narcotics as they are "tools of the trade"), the defendant's firearms have the "potential of facilitating" his drug trafficking by providing him with a means to protect himself and his stash of drugs.

In the First Circuit, conduct similar to the offense conduct in this case warrants an adjustment pursuant to § 2K2.1(b)(6). See United States v. Peterson, 233 F.3d 101, 111 (1st Cir. 2000) (firearms possessed "in connection with" another felony offense when the defendant kept two guns in the same apartment where he stored marihuana and a third gun near an additional store of marihuana). The First Circuit is not alone in finding conduct like that engaged in by this defendant to constitute conduct warranting an adjustment under § 2K2.1(b)(6). See United States v. Burns, 498 F.3d 578, 580 (6th Cir. 2007) (firearms found in close proximity to drugs shortly after a controlled buy warranted an adjustment under § 2K2.1(b)(6)); United States v. LePage, 477 F.3d 485, 489 (7th Cir. 2007) ("[W]hen guns are possessed along with the materials of a drug trafficker, it is a reasonable

inference that the guns protect or embolden the criminal enterprise."). Thus, even if the defendant is correct that the Ninth Circuit has a more stringent standard than the First Circuit regarding the application of the § 2K2.1(b)(6) adjustment, this Court should nonetheless follow First Circuit precedent.

II. ADJUSTMENT TO THE BASE OFFENSE LEVEL PURSUANT TO U.S.S.G. § 2D1.1(b)(1)

To warrant an adjustment for a firearm pursuant to § 2D1.1(b)(1), the government must prove by a preponderance of the evidence that a firearm was possessed by the defendant during the commission of the offense. See United States v. Anderson, 452 F.3d 87, 90 (1st Cir. 2006). Then, the burden shifts to the defendant to prove that the connection between the firearm and the narcotics trafficking was clearly improbable. See id. The government relies on the same facts set forth in the previous section in support of its contention that an adjustment pursuant to § 2D1.1(b)(6) is warranted. Furthermore, the base offense level calculated pursuant to § 2D1.1 has no bearing on the defendant's guideline range in this case.

III. BURDEN OF PROOF

The burden of proof at sentencing is by a preponderance of the evidence. See Anderson, 452 F.3d at n.3.

IV. DOUBLE COUNTING

There is no double counting as the Count or Group with the

highest offense level is the only one that affects the defendant's sentence. <u>See</u> PSR ¶ 30.

V. PARAGRAPH 40

The government has no objection to these changes.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On November 6, 2007, I caused the within "Government's Response to Defendant's Objections to the PreSentence Report" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Robert B. Mann
1 Turks Head Building, Suite 610
Providence, Rhode Island 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj