UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR 007-75S

PATRICK H. PIERCE :

MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

Patrick H. Pierce,
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 7th day of November, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR 007-75S

PATRICK H. PIERCE :

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

I. INTRODUCTION

This memorandum is presented in support of the defendant's arguments as to sentencing in this matter. The defense submitted a response to the Presentence Report which included arguments regarding the appropriate guideline range. Those arguments are incorporated herein to the extent applicable to the arguments in support of a sentence outside of the guideline range. There is an element of uncertainty in this motion because the defendant has filed objections to the Presentence Report. The guideline range as currently set forth in the Presentence Report is 47-56 months. If the key defense objection is accepted the range would be 30 to 37 months. (Offense level 19 and Criminal History Category 1). On the one hand, the higher the guideline range is, the more compelling is the argument that a consideration of the factors set forth in 18 U.S.C. §3553(a) requires a sentence outside of the guideline range. On the other hand, the defense recognizes that the Court of Appeals has said:

> And although the Guidelines are not presumptively reasonable in this Circuit, see id. at 518, we have also agreed with Judge Posner's statement that "[t]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) that [**17] the judge must offer in order to enable the court of appeals to assess the reasonableness of

> the sentence imposed." United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005) (Posner, J.)). n1

United States v. Taylor, 499 F.3d 94, 100 (lst Cir. 2007), pet. for cert. filed, 2007.

## II. THE DEFENDANT'S PERSONAL SITUATION

The defendant is 30 years old. Prior to this case, except for two driving infractions, the defendant's only record was a conviction in state court for possession with intent to distribute marijuana, for which the defendant received a four year suspended jail sentence with four years probation. The defendant obviously successfully completed four years of probation in state court without getting into trouble. He has a positive relationship with a number of people, including his daughter. The letter previously submitted to Judge Almond in support of the defendant's bail application from his friend and supporter Ralph Johnson attests to the positive promise of Mr. Pierce. As the presentence report notes, Mr. Pierce has a steady record of work.

## III. THE FACTORS IN 18 U.S.C. §3555(a)

First, the Court is directed to consider, "the nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. §3553(a)(1). In this case, the first item of particular note is the history and characteristics of the defendant. The defendant has 1 criminal history point. He is in criminal history category 1. He has been incarcerated since March 21, 2007, as a result of these charges. Paragraph 1 of the Presentence Report. There is no need to further incarcerate this defendant. The need is now to reintegrate him into society.

The second point the defense want to make is how much of this case is a function of marijuana. Count I of the Indictment charges the defendant with being a felon in possession. What made the defendant a felon in possession? The answer is his prior conviction for possession with intent to distribute marijuana. What is driving a good portion of the sentence as to Count I? The answer is marijuana. By itself, it accounts for four points of the offense level, unless the defense objection to the Presentence Report is accepted. Thus, marijuana is both what made the defendant a felon in possession and what increases considerably his guideline score. It is also the subject of Count II of the Indictment.

The defense submits this is important because by itself, the marijuana is not considered that serious an offense. The base offense level for the amount of marijuana in this case is 8. Indeed, if the defendant had possessed more than 21/2 times the amount of marijuana alleged in this case, the base offense level would still be 8.

There are several factors to be considered in deciding on the sentence to be imposed. The sentence should, "…reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense…." 18 U.S.C. §3553(a)(2)(A). The seriousness of the offense is this case must take into account the fact that this defendant's criminal history is related to an offense involving only one drug, marijuana.

On the one hand, both the statutory framework for drug prosecutions and the guidelines differentiate among drugs. Under the guidelines, the offense level related to a quantity of drugs depends on the drug. For example, the same quantity of marijuana generates a far lower guideline score than the same quantity of cocaine. Similarly, the

statutory scheme for punishing drug offenders differentiates between marijuana and other drugs. The offense with which the defendant is charged in Count II, the marijuana offense, has a maximum term of imprisonment of five years, as contrasted with the more severe maximum terms of imprisonment for many other drug offenses.

On the other hand, the crime of being a felon in possession does not differentiate among the predicate felonies. A person with a prior conviction for a cocaine or crack felony is in the same position as a person like the defendant with a prior conviction for a marijuana offense. When the guidelines are examined, the four point enhancement for the use of the firearm in connection with another felony offense also does not differentiate between the other felony offense being marijuana, a felony offense involving some other drug, or a non-drug felony offense. Put in other words, if the allegation were that the firearms were used to protect crack cocaine, as opposed to marijuana, the same four point enhancement would apply under U.S.S.G. 2K2.1(b)(6). See paragraph 17 of the Presentence Report. In making this argument, the defense is not waiving or abandoning the defense objection to the inclusion of these four points, as spelled out in the objection to the Presentence Report.

What emerges from this analysis of the law is that marijuana is treated differently than other drugs. Congress has prescribed lower maximum penalties than for most other drugs. The quantities of drugs required to trigger penalties are higher than for most other drugs. Yet, this case which comes at the intersection of the marijuana and weapons laws, virtually eliminates the long recognized distinction between marijuana and other drug offenses. Any type of felony with a punishment in excess of one year makes a person a felon in possession. The enhancement for use of a firearm in connection with

another felony offense does not differentiate between a marijuana offense, another drug offense, or another non-drug offense. When this Court considers the nature and circumstances of the offense, pursuant to 18 U.S.C. §3553(a)(1), the defense urges the Court to consider that the particular facts of this case warrant a sentence outside of the guideline range, noting that the drug involved is marijuana and not some other drug and that marijuana is both the predicate felony and the basis for enhancement.

The defense submits that the other factors identified in 18 U.S.C. §3553(a)(2) also militate in favor of a sentence that is below the guideline range as set forth in the presentence report. One such factor is deterrence. Already a loud and clear message has been sent. The message is that as a result of marijuana and guns, this defendant is serving real prison time. Given the quantity of the marijuana, the defense submits that the message is already unmistakably clear.

A second factor identified in §3553(a)(2) is the need to protect the public from further crimes of the defendant. The letter from Ralph Johnson attests to the fact that the defendant, even before his arrest, had realized the need to channel his talents into a more productive track. The letter has been previously produced and another copy will be provided.

A third factor identified in §3553(a)(2) is the need to protect the public from further crimes of the defendant. The defendant will be on supervised release for a considerable period of time after completion of his term of incarceration. The defense submits that this non-violent offender can easily and effectively be monitored through supervised release in a manner that will effectively protect the public.

In 18 U.S.C. §3553(a)(3), the legislation identifies the "kinds of sentences" available as a factor to be considered in determining a particular sentence. In this case, the defendant has already been incarcerated over seven months. The defense urges this Court to fashion a sentence that will not require this defendant to serve any additional time in prison, but will allow him to be in a home detention and supervised release status for the remainder of his sentence. Such a sentence would accomplish a number of goals:

a) It would expedite the defendant's return to the workforce;

b) It would facilitate the continued development of his already positive relationship with his young daughter;

c) It would facilitate his overall reintegration into society.

## IV. CONCLUSION

For all of the reasons set forth above, the defense asks for a sentence outside of the guideline range pursuant to 18 U.S.C. §3553(a) as set forth above.

Patrick H. Pierce,
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 7th day of November, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net