IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-07-075S |
| | : | |
| PATRICK H. PIERCE | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

Considering the factors set forth in 18 U.S.C. § 3553(a), a sentence at the low-end of the guideline range is reasonable. The defendant seeks a variance from the guideline sentence because he has minimal criminal history, his case involves marihuana which is not punished as severely as other illegal narcotics, and because the defendant contends that a sentence of time-served will satisfy society's need for deterrence and protection. The government disagrees.

The defendant's criminal history is not a reason for variance. As a criminal history category I, there can be no argument that due to convictions for minor offenses the defendant has been designated as a more serious offender than what he is. In fact, just the opposite appears true. The defendant now has two felony drug convictions, one involving firearms. Even if the Court does not consider the defendant's prior felony to be serious, his low criminal history category is already reflected in his guideline range. To vary simply because the defendant is a criminal history category I would create an unwarranted disparity between this defendant's sentence and the sentences of

other similarly situated defendants. See United States v. Miller, 450 F.3d 270, 276 (1st Cir. 2006) ("'Sentencing disparities are at their ebb when the Guidelines are followed . . . . The more out-of-range sentences that judges impose after Booker, the more disparity there will be.')

The defendant also urges the Court to vary from the guidelines because his prior conviction and this conviction involve marihuana. Yet, to the extent the type of drug involved warrants a lower sentence, the other factors surrounding his two convictions suggest the reasonableness of the guideline range. According to the PreSentence Report (PSR), the defendant's prior drug conviction involved distribution of marihuana in the proximity of a school. In this case, the defendant possessed two firearms, one of them stolen, and he possessed these firearms in connection with his drug distribution activities. The defendant also admitted to Detective Joseph Colanduano that he had one supplier of crack cocaine, and although he had ceased selling crack, he could still obtain crack if his customers needed it.

The defendant is now a twice convicted drug dealer, who possessed firearms in connection with his drug dealing. He also admitted to knowing that he was not supposed to possess any firearms. In a matter of five years, he has obtained two felony convictions and had virtually no stable employment. In light of these facts and the nature of the offense, a guideline sentence

is reasonable.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On November 8, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Robert B. Mann
1 Turks Head Building, Suite 610
Providence, Rhode Island 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj