UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR 007-75S

PATRICK H. PIERCE :

DEFENDANT'S SUPPLEMENTAL OBJECTION TO THE PRESENTENCE REPORT

This supplemental objection addresses a single issue: Should 4 points be added to the defendant's offense level pursuant to the provision of U.S.S.G. §2K2.1(b)(6) that provides as follows:

> (6) If the defendant … possessed any firearm or ammunition in connection with another felony offense;….

U.S.S.G. §2K2.1(b)(6). The defense has already addressed and argued the part of this guideline which provides for enhancement if the defendant "used" any firearm or ammunition in connection with another felony offense.

There are two components to this provision. The first is the requirement of possession. The defendant pled guilty to the possession of the firearms in question. The sole remaining issue is whether the firearms were possessed "in connection with" another felony offense, in this case the possession with intent to distribute marijuana, which is Count 2 of the indictment.

The defense submits that the government bears the burden of proof that the firearms were possessed "in connection with" another felony offense.[1] In that sense,

---

[1] The defense has previously argued that the Government bears the burden of proof beyond a reasonable doubt. This Court has already rejected that argument. The defense is not waiving that argument, but

there is a difference between U.S.S.G. §2K2.1(b)(6) which is the subject of this argument and U.S.S.G. §2D1.1(b)(1), which provides for a two level enhancement in a drug case if a dangerous weapon was possessed.[2] The Court of Appeals for the First Circuit has clearly spelled out the shifting burdens with respect to U.S.S.G. §2D1.1(b)(1). The Court has said:

> n9 The prosecution bears the initial burden of proving by a preponderance of the evidence that a weapon was possessed in connection with a drug offense. McDonald, 121 F.3d at 10. The burden then shifts to the defendant "to persuade the factfinder that the connection between the weapon and the crime is clearly improbable." Id.

United States v. Thongsophaporn, 503 F.3d 51 at n. 9 (lst Cir. 2007). This shifting of burdens is explained in United States v. McDonald, 121 F.3d 7, 9-10 (lst Cir. 1997), as being rooted in Application Note 3 to U.S.S.G. 2D1.1(b)(1).

U.S.S.G. §2K2.1(b)(6) differs from U.S.S.G. 2D1.1(b)(1) both in wording and in the fact that there is no equivalent application note. The Court of Appeals for the Ninth Circuit has explicitly delineated the import of this difference, stating:

> We view section 2D1.1(b)(1) as an inappropriate guide for applying section 2K2.1(b)(5). Section 2D1.1(b)(1) requires a two-point enhancement if the government proves merely that a defendant convicted of various drug offenses possessed a firearm, unless the defendant can show that it was clearly improbable that the firearm was "connected with" an offense. U.S.S.G. § 2D1.1(b)(1), comment. (n.3). The government's burden of proof is more demanding under section 2K2.1(b)(5), where the government must show that a firearm was possessed "in connection with" an offense. See Shackley, 995 F.2d at 166. [Footnote omitted]

---

understands the Court has already ruled on it. The argument presented in this section is simply about who has the burden of proof and the burden of going forward.

[2] In this case, there is a two level enhancement pursuant to U.S.S.G. 2D1.1(b)(1) with respect to Count 2. See paragraph 24 of the Presentence Report, though because of grouping rules, the final offense level was not affected.

United States v. Routon, 25 F.3d 815, 819 (9th Cir. 1994). Other portions of the decision in United States v. Routon have been cited favorably by the First Circuit and the defense submits that these decisions signal a general approval of the approach of the Court in United States v. Routon. See United States v. Sturtevant, 62 F.3d 33, 35 (lst Cir. 1995); United States v. Thompson, 32 F.3d 1, 6 (lst Cir. 1994).

The question then devolves into an examination of whether the Government has met its burden of proving the possession of the firearms "in connection with" another felony, in this case the drug offense. Some insight into what is required may be gleaned from other cases which have considered this question.

In United States v. Thompson, 32 F.3d 1, 2 (lst Cir. 1994), what was involved was a "cocaine and cocaine base distribution enterprise," that involved large quantities of both. Significantly, the sellers sold both drugs and a firearm, establishing a clear nexus between the drugs and firearm. The defendant pled guilty to the possession of an illegal firearm and the question before the Court was the application of the enhancement. In this case, there is a single defendant, no conspiracy, 367 grams of marijuana, and no sale of a firearm.

In United States v. Brewster, 1 F.3d 51, 53 (lst Cir. 1993), the law enforcement agent told the defendant from whom he was purchasing a gun of the need for the weapon as part of a plan to become a drug dealer. The Court accepted the agent's testimony, which provided direct evidence of the link between the firearm and the drug crime. In this case, there is obviously no such direct link.

In United States v. Peterson, 233 F.3d 101 (lst Cir. 2000), the Court said there were drugs and at least one weapon found both in the defendant's apartment and the

apartment of his girlfriend. The girlfriend claimed that items belonged to the defendant. The defendant had a significant prior record of at least three felonies for breaking and entering. He was in possession of not just marijuana but crack cocaine. There are two people involved, a significant prior record, and two locations involved. In this case, there is one location, one person, the defendant, and a prior record of one single conviction, which also involved marijuana. Paragraph 36 of the Presentence Report. There is also only one drug, marijuana.[3]

The Court of Appeals for the First Circuit has said:

> We construe the phrase "in connection with" broadly. See United States v. Thompson, 32 F.3d 1, 7 (1st Cir. 1994); see also United States v. Ellis, 168 F.3d 558, 563 (1st Cir. 1999) (reading same phrase broadly in § 4B1.4(b)(3)(A)). Although there must be a "causal or logical relation or sequence between the possession and the related offense," and "mere coincidental possession" is insufficient, see Ellis , 168 F.3d at 563, we will find that a firearm has been used "in connection with" an offense "if the possession has 'the potential to aid or facilitate' the other crime," id. (quoting Thompson, 32 F.3d at 6). We have not even required physical proximity between the firearms and the narcotics. See Thompson, 32 F.3d at 6 (citing United States v. Brewster, 1 F.3d 51, 54 (1st Cir. 1993)).

United States v. Peterson, 233 F.3d 101, 111, (lst Cir. 2000).

Still, there must be some fact or facts particular to the case that warrant a finding that the "in connection with" test has been satisfied. The Court of Appeals for the First Circuit has rejected an argument premised just on the fact that a large number of drug crimes also involve firearms. See United States v. Ellis, 168 F.3d 558, 563 (lst Cir. 1999), where one of the unsuccessful arguments advanced by the government in support

[3] One of the police reports indicates that the defendant said that he had stopped selling crack cocaine but would on occasion get it if one of his customers needed it. There is no suggestion that the defendant had any crack cocaine on him. There is no evidence of any crack cocaine in his apartment. It is not mentioned in the prosecution version of events. There is no charge with respect to crack cocaine. There is no basis to suggest that the firearm was used in connection with crack cocaine.

of this position was that, "…80% of drug crimes in Maine also involve firearms violations;" Id. at 563.

The defendant would note the facts previously set forth in his response to the Presentence Report and at the sentencing hearing already conducted, including the following facts:

1) There is absolutely no evidence that either weapon was ever used or even displayed in connection with the sales of marijuana;

2) According to the police reports, one weapon was found in the same room as the marijuana. The weapon, a rifle, was found in a rifle case in a closet. The pistol was found in a different room, a bedroom, in a drawer of a bureau.

3) The discovery shows a controlled buy and that the confidential informant reported the existence of the defendant's dog, but made no mention of any weapons.

4) There was no cash found, belying any suggestion that the weapons were in some fashion connected with the security of drug proceeds.

The defense would also note the amount of the drugs involved is 367 grams of marijuana, according to paragraph 23 of the Presentence Report.

The defense first submits that these facts do not provide a basis for concluding that the weapons were there to embolden the defendant or to protect the marijuana. First, there is simply not very much marijuana to protect. This quantity of marijuana, by itself, yields only a base offense level of 8. See paragraph 23 of the Presentence Report. Second, the only weapon in the same room as the marijuana is a rifle in a case in a closet. There is simply no evidence to say that the weapons are "in connection with" the drugs.

One could create an enhancement that simply said if there are drugs in the possession of the defendant, then enhance the firearms sentence, i.e. a guideline that is the mirror image of U.S.S.G. §2D1.1(b)(1), but that is not the way U.S.S.G. §2K2.1(b)(6) was written. The defense submits that U.S.S.G. §2K2.1(b)(6) imposes a burden to show more than possession; it must satisfy the "in connection with" element and on the facts in this case, the defense submits that the government's effort fails.

For all of the aforesaid reasons, the defense submits the Government has not proved that the firearms were possessed in connection with another felony offense and there should be no enhancement pursuant to U.S.S.G. §2K2.1(b)(6).

Patrick Pierce
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 23rd day of November, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net